UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IRVIN FLEMMING (D-13),

    Defendant.
_____/

Criminal Case No. 2:12-cr-20052-13
Civil Case No. 2:17-cv-12620

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER RESOLVING DEFENDANT'S MOTIONS

Defendant Irvin Flemming was convicted of structuring financial transactions in violation of 31 U.S.C. § 5324(a)(1) and/or (3) and (d)(1). ECF 592, PgID 9405. He appealed his conviction and 24-month sentence; the Court of Appeals affirmed both. ECF 628. He now brings four pro se motions. The Court will deny the motions.

I.    Motion for Recusal [661]

Flemming moved for the Court to recuse itself, on the grounds that a reasonable person would question its impartiality. In support, he relies on 28 U.S.C. §§ 144 and 455. Section 144 directs a party who believes that the judge who is presiding over his action "has a personal bias or prejudice either against him or in favor of any adverse party," to file an affidavit which states "the facts and the reasons for the belief that bias or prejudice exists[.]" 28 U.S.C. § 144. Upon receipt of the affidavit, the "judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." *Id.* Section 455 explains when a judge should disqualify himself and lists several specific circumstances. 28 U.S.C. § 455.

None of the reasons for recusal listed in § 455 are present here. The Court's former role as United States attorney has no bearing on "the merits of the particular case in

controversy[.]" 28 U.S.C. § 455(b)(3). Flemming's intended, future lawsuits are likewise irrelevant to assessing bias in this case. And Flemming has failed to explain how the Court's speed in resolving his motions would demonstrate bias or a lack of impartiality.

The motion will be denied.

II.  Motion for Government to Return Personal Property [527]

Prior to sentencing, Flemming filed a motion asking the Court to order the return of architectural plans and the title to a 2007 Rolls-Royce automobile, both of which he alleged were his personal property. ECF 527. The Government first responded that both the title and the plans were seized pursuant to a search warrant of a co-defendant's house. ECF 534. Two days later, the Government corrected itself in an amended response: the plans were seized in the search of the house, but the title was obtained through a grand-jury subpoena. ECF 535. The Government agreed to return the title and evidently did so. *See id.* at PgID 5719; ECF 632, PgID 10365 (noting that the AUSA "returned the title to [Flemming's] Rolls Royce on April 14, 2015"). So only Flemming's request for the blueprints remains.

Flemming relies on Rule 41(g) of the Federal Rules of Criminal Procedure, which provides in pertinent part, "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). The general rule under Rule 41 is that "seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *United States v. Hess*, 982 F.2d 181, 186 (6th Cir. 1992). But the burden of proof for a Rule 41(g) claim is on the claimant of the property, and the claimant must show that he is

2

"lawfully entitled to possess" the property. *Savoy v. United States*, 604 F.3d 929, 932–33 (6th Cir. 2010).

Flemming has failed to prove that he is a "person aggrieved by an unlawful search and seizure." In his motion, Flemming does not challenge the legality of the search and seizure in question. Flemming has also failed to prove that he is "lawfully entitled to possess the property," and does not make any showing as to why the plans should be returned to him rather than to Carlos Powell, from whom the plans were seized.

III.  Motion for Relief from Judgment [632] and Motion for Leave [638]

Flemming appears to seek relief from a criminal judgment on the grounds of alleged improprieties by the Government. The title of the motion mentions the "Fruit of the Poisonous Tree Doctrine" and much of the brief consists in allegations of wrongdoing by Kevin Boudreau (a private investigator hired by the Government) and Assistant U.S. Attorney Julie Beck. He states that he seeks relief pursuant to Rule 60 of the Federal Rules of Criminal Procedure, but that rule concerns "Victim's Rights" and is not pertinent to the complaints and assertions raised in Flemming's brief. It seems Flemming is actually seeking relief under Rule 60 of the *civil* rules: that rule concerns when a movant can receive relief from a judgment or order. And it is the civil rule that Flemming included a copy of and is discussed in the cases cited by Flemming.

But Civil Rule 60 is inapposite. "A party may not seek relief from a criminal sentence under Fed.R.Civ.P. 60(b), because Rule 60(b) is not applicable to criminal proceedings." *United States v. Diaz*, 79 F. App'x 151, 152 (6th Cir. 2003). Any relief would come through an appeal (which he pursued) or a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (which the Court addresses below). *See* ECF 661, PgID 10605.

3

Flemming's motion for relief under Civil Rule 60, as well as his motion asking the Court to rule on the motion, will be denied.

IV. Motion to Vacate Sentence [669]

Finally, Flemming moves the Court to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF 669. Flemming raises four grounds: (1) the Government misled the jury in its closing statements, (2) the Government failed to present exculpatory evidence, (3) the Court violated the Speedy Trial Act, and (4) the Court violated the Sentencing Guidelines. *Id.* at 10670–75.

An individual sentenced by a federal court may seek to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. The statute provides four different grounds for claiming relief: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). Generally, the motion must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Flemming raised Grounds Two, Three, and Four on appeal, ECF 669, PgID 10672–75, and the Sixth Circuit rejected them, *see* ECF 628. It is well established that "a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change

4

in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Flemming has not raised any exceptional circumstances, and § 2255 provides no relief on Grounds Two, Three and Four.

Flemming did not, however, raise Ground One on appeal. ECF 669, PgID 10670–71. In it, he argues that the Government intentionally misled the jury during closing arguments by stating that "all you have to do is agree that one deposit was to evade the bank reporting to find him guilty[.]" ECF 669, PgID 10670. He claims the reason he did not raise the issue on appeal is because his stand-by attorney told him that he could not make any objection during the Government's closing arguments. *Id.* That reason, however, only explains why he failed to timely object at trial; it does not explain why he failed to raise the issue on direct appeal.

"It is well-established that a § 2255 motion is not a substitute for a direct appeal." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quotation marks omitted). Accordingly, the Court will not entertain a claim that could have been raised on direct appeal unless the petitioner shows: "(1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

Flemming has not shown prejudice or actual innocence. Moreover, in his AO 243 Form, Flemming lists Ground One as "Government misled Jury in their Closing Statements"—a claim which, on its face, suggests that he is claiming prosecutorial misconduct. ECF 669, PgID 10670. If so, the argument was waived when he failed to raise it on appeal. *See Ray*, 721 F.3d at 761. But Ground One could also fairly be described as one of ineffective assistance of counsel, because in the space asking him why he did not

5

raise the issue on direct appeal, Flemming wrote, "my stand-by attorney told me that I could not make any objection during the governments closing per court procedures." ECF 669, PgID 1070. And ineffective-assistance-of-counsel claims can sometimes be raised for the first time in a collateral attack. *See Massaro v. United States*, 538 U.S. 500, 508 (2003).

Even so, Flemming's ineffective assistance of counsel claim fails because he elected to represent himself. A defendant "cannot waive his right to counsel and then complain about the quality of his own defense." *Wilson v. Parker*, 515 F.3d 682, 696 (6th Cir.2008); *see also United States v. Ross*, 703 F.3d 856, 882 (6th Cir. 2012) (quoting *Wilson* and noting that, to the extent the defendant's standby counsel was deficient, the defendant "merely suffered the consequences of his decision to proceed pro se."). Still, according to Flemming he sought the advice of his standby counsel but was nevertheless misadvised, so if there was merit to his claim that standby counsel was ineffective, he could proceed—but there is no merit to the claim.

Ineffective assistance of counsel claims command a high bar. The defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and must also show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding," and an "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691, 93.

Here, Flemming merely challenges the Government's statement in its closing argument. To be clear, the exact quote Flemming provides does not appear in the transcript. Presumably, he refers to the following portion, which makes reference to a chart of bank records:

> If you don't look at anything else in this entire case, you look at that chart. That is all you need to look at to convict the defendant of structuring. That's all you need, the only exhibit you need to look at.

ECF 546, PgID 6707. Neither this statement nor any other in the closing argument was false or misleading, so it cannot be said that standby counsel was ineffective by discouraging Flemming from objecting. Moreover, Flemming had the opportunity to counter the Government's claim in his own closing argument, directly following the Government's. And because he represented himself, he did so in his own words. This discrete instance cannot be said to have deprived Flemming of a fair trial.

In sum, Flemming has not shown that his standby counsel was ineffective, and any other avenue for relief was waived when he failed to raise it on direct appeal. The Court will therefore deny his motion to vacate his sentence.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for recusal [661] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for return of property [527] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for relief from judgment [632] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for leave [638] is **DENIED**.

7

**IT IS FURTHER ORDERED** that Defendant's motion to vacate his sentence [669] is **DENIED**.

**IT IS FURTHER ORDERED** that the companion civil case, No. 2:17-cv-12620, is **CLOSED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 29, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 29, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager